NO. 07-07-0141-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 5, 2007

______________________________

DANIEL REY, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B16837-0606; HON. ED SELF, PRESIDING

_______________________________

Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Daniel Ray appeals his conviction for abandoning or endangering a child, contending that the evidence is legally and factually insufficient to support it.  We overrule the issues and affirm the judgment.  

Background

Appellant was married to Michelle Morales with whom he fathered a one-year-old daughter.  Morales also had a three-year-old son from a prior relationship.  Appellant had been separated from Morales since November 2005, however.  She lived in Plainview while he lived in Muleshoe.  On February 23, 2006, appellant phoned Morales and told her he was going to visit.  He arrived at her apartment around 12:30 a.m. and heard his daughter crying.  Through the window he could also see his stepson, but, when he knocked on the door, no one answered.  At that point, the three-year-old boy informed appellant that his mother was not there.  In response, appellant broke the front window to obtain access to the abode, took his daughter from the apartment, and drove her to Muleshoe.  He claimed he left the boy with a neighbor.  However, the neighbor in question, Ramira Gamboa, testified that he found the boy standing outside the second floor apartment near the broken glass dressed only in jeans and a shirt (no shoes or socks) on the cold night screaming for his father.  Gamboa brought the child into his apartment.  A subsequent investigation of Morales’ apartment uncovered no one else present.   

 
    Applicable Law

A person commits the offense for  which appellant was convicted if, having custody, care, or control of a child younger than fifteen years, he intentionally abandons the child in any place under circumstances that expose the child to an unreasonable risk of harm. 
Tex. Pen. Code Ann. 
§22.041(b) (Vernon Supp. 2006).  To abandon means to leave a child in any place without providing the youth reasonable and necessary care, under circumstances which no reasonable similarly situated adult would leave a child of that age and ability.  
Id.
§22.041(a).  The issue before us involves the element of custody, care, or control.  Appellant asserts that there is no evidence he had such over his stepson.  

While §22.041 does not define “custody, care, or control,” the preceding section of the Penal Code involving injury to a child does.  It provides that one has assumed care, custody, or control “if he has by act, words, or course of conduct acted so as to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, and medical care for a child . . . .”  
Id. 
§22.04(d); 
Hawkins v. State, 
891 S.W.2d 257, 258-59 (Tex. Crim. App. 1994).  Thus, the duty does not have to be one imposed under the Family Code to fall within the penal provision as appellant argues.  
Hawkins v. State, 
891 S.W.2d at  258-59.  

Application of Law to Facts

The record before us reveals that appellant was still married to the child’s mother at the time of the incident and that he had cared for the child in the past.  So too had he acknowledged to a worker for Child Protective Services (CPS) that he had been a part of the child’s life.
(footnote: 1)  Thus, evidence existed contradicting appellant’s representation that he had not “fostered [a] familial relationship with the child” in the past or had not accepted responsibility for providing for the child’s needs.  To the foregoing evidence, we further add that disclosing 1) appellant’s awareness of the two children being awake and alone in the apartment at midnight, 2) appellant’s awareness of the distress exhibited by the infant, 3) the three-year-old’s distress exhibited by standing outside the apartment and screaming for his father after appellant left, 4) appellant’s forced entry into the home to secure one of the two children, 5) appellant’s knowledge of the hazards inherent in leaving children of tender years alone in a house given his effort to secure his own child home, and 6) appellant’s leaving the home in an unsecured condition.
(footnote: 2)   By leaving the home unsecured, this gave the three-year-old the ability to venture outside or third parties the ability to venture inside.  So, whatever protection the closed door and unbroken glass windows once afforded the children, it was lost due to the actions of appellant.  

In appellant going into that apartment under the circumstances then present, a rational factfinder could conclude beyond reasonable doubt that appellant by words or deed acted so as to cause a reasonable person to conclude that he accepted responsibility for the protection and shelter of all the children found in the apartment.  We caution against anyone reading this opinion as imposing upon a stepparent the legal duty to care and provide for stepchildren.  Yet, §22.041(b) does not require a familial relationship, 
Hawkins v. State
,
 supra
, merely the existence of circumstances illustrating the acceptance of the responsibility to care and shelter.  And, we have no qualm in concluding that a reasonable person could find that in discovering his infant biological child and the infant’s three-year- old half brother without adult supervision at midnight and entering the abode under the auspices of securing and protecting at least one, the appellant here assumed the responsibility 
viz
 both.     

Accordingly, the conviction enjoys the support of both legally and factually sufficient evidence, and the judgment of the trial court is affirmed.

Brian Quinn

          Chief Justice

Publish.  

 

FOOTNOTES
1:
The reason given by appellant for not taking his stepson with him was that he was not the boy’s father and he was afraid his wife would file charges on him.  

2:
That the factfinder could reasonably infer appellant’s knowledge of the dangers in leaving children alone is further bolstered by appellant’s own testimony.  He stated that he asked the neighbor to watch the three-year-old.  Even though the jury did not believe appellant did so, the representation, whether true or not, nonetheless evinced appellant’s awareness of the need to provide some secure environment for the youth at that time of night.